Clifford Jones v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-033-CR

CLIFFORD JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 89
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Clifford Jones guilty of aggravated assault of a public servant with a deadly weapon, found the enhancement allegations true, and assessed his punishment at life imprisonment.  The trial court sentenced Appellant accordingly, stacking his sentence onto the sentence that Appellant was already serving in the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ).
(footnote: 2)  Counsel on appeal has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.
(footnote: 3)  This court provided Appellant the opportunity to file a pro se brief, but he did not.  Because we hold that any appeal from this case would be frivolous, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

Counsel has fulfilled the requirements of 
Anders
 by presenting a professional evaluation of the record in explaining why there are no arguable grounds for appeal.  We must now conduct an independent examination of the record to determine whether counsel is correct.
(footnote: 4)  
Only then may we grant counsel’s motion to withdraw.
(footnote: 5)
 The indictment tracks the statutory language of the offense for which appellant was convicted.
(footnote: 6)  It alleges that the offense occurred before the presentment of the indictment.  
The enhancement paragraphs are also valid, stating the nature of the offense, the style, the cause number, the county, and the court.  The enhancement paragraphs sufficiently put Appellant on notice of the prior convictions.
(footnote: 7)  Thus, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.
(footnote: 8) Appellant filed many pretrial motions.  The record contains some orders and rulings.  Regarding those motions ruled upon, we see no abuse of discretion by the trial court.  Regarding those motions not presented, no complaint has been preserved for review.
(footnote: 9)  Thus, our review of the record reveals no reversible error pretrial.
  
Similarly, our review of voir dire proceedings shows no reversible error.

The evidence, including Appellant’s testimony, shows that on December 10, 1999, Appellant was incarcerated in the Allred Unit.  Correctional Officer Lenny Williams noticed flooding coming from the area around Appellant’s cell.  When Williams went to open the pipe chase (a vertical shaft housing plumbing and electrical wiring) in that area to investigate the flooding, Appellant, wearing his shorts and using a blanket to cover his nose and mouth, jumped out of the pipe chase and attacked him, stabbing him repeatedly with a long shank.  During the struggle, Williams tried to reach his bean tool, a long steel instrument that the officers used to open the little windows in the cell doors through which the prisoners’ food trays were delivered.  Appellant wrestled the bean tool away from Williams and hit him with it.  Among other injuries, Williams sustained a broken clavicle bone.  He missed three months of work and underwent physical therapy.

Appellant testified that he stabbed the officer because he wanted to draw the public’s attention to the poor treatment conditions on the pod.  Under the applicable standards of review, the evidence is legally
(footnote: 10) and factually
(footnote: 11) sufficient to support Appellant’s conviction.  Our review shows no reversible rulings during the evidentiary phase at guilt-innocence.

The court’s charge on guilt-innocence properly defined the law.
(footnote: 12)  The trial court refused Appellant’s request to place a limiting instruction in the jury charge regarding the jury’s consideration of Appellant’s prior convictions.  Our review of the record shows that evidence about Appellant’s prior convictions initially came in for all purposes through Appellant’s direct testimony.  The State elicited more testimony, again without objection as to the scope of the evidence.  Consequently, the trial court did not err in refusing the requested instruction.
(footnote: 13)  Even if the trial court had erred, however, such error would be harmless because, among other things, there was overwhelming evidence, including Appellant’s own testimony, of the crime.
(footnote: 14)
 Appellant’s counsel offered no objections to the State’s closing argument, so error, if any, was not preserved.
(footnote: 15)  Our review of the record reveals no reversible error from the punishment phase.  The jury assessed Appellant’s punishment at confinement for life as an habitual offender, finding that he committed the two prior felonies alleged in the enhancement paragraphs in the indictment.  The sentence is within the range of punishment for this offense.
(footnote: 16)
Appellant was also represented by counsel in all proceedings.

We see no potential for a successful claim of ineffective assistance of counsel.  A record sufficient to show ineffective assistance of counsel can rarely be developed on direct appeal.  The Texas Court of Criminal Appeals has pointed out that an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.
(footnote: 17)
 After independently reviewing the record, we therefore agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.08(b) (Vernon Supp. 2005) (requiring cumulative sentencing when IDTDCJ inmate commits offense while incarcerated).

3:
See
 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).

4:
See Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).

5:
See
 
Penson v. Ohio
, 488 U.S. 75, 83, 109 S. Ct. 346, 351 (1988).

6:
See
 
Tex. Penal Code Ann.
 § 22.02 (Vernon Supp. 2005).

7:
See Hollins v. State
, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978).

8:
See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).

9:
See 
Tex. R. App. P.
 33.1(a); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

10:
See Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (providing standard of review for legal sufficiency).

11:
See Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (providing standard of review for factual sufficiency).

12:
See
 
Tex. Code Crim. Proc. Ann.
 art. 36.16 (Vernon 1981).

13:
See 
Tex. R. Evid.
 105(a); 
Hammock v. State
, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001)
; 
see also 
Tex. R. Evid.
 609(a) (allowing evidence of prior felonies within the last ten years to attack credibility).

14:
See Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g); 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

15:
See Ladd v. State
, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000);
 Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1173 (1997).

16:
See
 
Tex. Penal Code Ann.
 §§ 12.42(d), 22.02(b)(2) (Vernon Supp. 2005).

17:
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); 
see also Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review for ineffective assistance claims)
.